JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBALEX, INC., | Case No. 21-cv-11127 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | |
| Defendant. | |

Plaintiff Globalex, Inc., by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC"), alleges upon information and belief as follows:

1. This action concerns damage to two shipments of fresh mangoes and fresh green asparagus transported by ocean carriage from Peru to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of

1

carriage for the shipments at issue. MSC also has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clause.

4. At all times relevant hereto, Plaintiff Globalex was and now is a corporation organized and existing under Florida law with an office and place of business at 21510 Halstead Drive, Boca, Raton, FL 33428, and was the consignee and/or owner of the cargoes at issue, or otherwise had a proprietary interest therein.

5. At all times relevant hereto, Defendant MSC was and now is a corporation or other business organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018, engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

## FIRST CLAIM FOR RELIEF

6. In or about December 2019, a shipment of 2,800 boxes of fresh green asparagus (the "First Cargo") was tendered to MSC (or its agents, servants, or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which MSC received, accepted, and agreed to transport for certain consideration by ocean carriage from Callao, Peru to Port Everglades, Florida, in refrigerated shipping container no. MSDU9005960 under MSC sea waybill no. MEDUL2480605.

7. Thereafter, MSC delivered the First Cargo in damaged condition.

8. MSC was invited to attend a joint survey and inspection of the First Cargo upon arrival at Port Everglades, but declined to attend.

9. MSC (or its agents, servants, or subcontractors) failed to exercise reasonable care and diligence in making logistics and routing decisions; exposed the First Cargo to inordinate and unexplained delays, including at the point of transshipment in the Bahamas, despite having actual or constructive notice of the First Cargo's characteristics; and failed to conform to industry norms and standards for the ocean carriage of perishable goods from Peru to the United States.

10. By reason of the premises, MSC failed to deliver the First Cargo to destination in the same good order and condition as it was received; breached and violated its common law, contractual, and/or statutory duties and obligations as a common carrier and bailee of the First Cargo; breached the contract of carriage; was negligence and careless in the handling of the First Cargo; and was otherwise at fault for the loss and damage alleged herein.

11. Globalex has performed all duties, obligations, and conditions precedent to be performed on its part with respect to the First Cargo and the commencement of suit for the loss and damage thereto, including the submission of a timely notice of claim to MSC.

12. By reason of the premises, Globalex has sustained damages with respect to the First Cargo, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $40,895.30.

## SECOND CLAIM FOR RELIEF

13. In or about January 2020, a shipment of 5,544 boxes of fresh mangoes (the "Second Cargo") was tendered to MSC (or its agents, servants, or subcontractors) in

good order and condition, and suitable in every respect for the intended transportation, which MSC received, accepted, and agreed to transport for certain consideration by ocean carriage from Paita, Peru to Philadelphia, Pennsylvania, in refrigerated shipping container no. SEGU9205016 under MSC sea waybill no. MEDUL2511755.

14. Thereafter, MSC delivered the Second Cargo in damaged condition.

15. MSC was invited to attend a joint survey and inspection of the Second Cargo upon arrival at Philadelphia, but declined to attend.

16. MSC (or its agents, servants, or subcontractors) failed to exercise reasonable care and diligence in making logistics and routing decisions; exposed the Second Cargo to inordinate and unexplained delays, including at the points of transshipment in Panama and the Bahamas, despite having actual or constructive notice of the Second Cargo's characteristics; and failed to conform to industry norms and standards for the ocean carriage of perishable goods from Peru to the United States.

17. By reason of the premises, MSC failed to deliver the Second Cargo to destination in the same good order and condition as it was received; breached and violated its common law, contractual, and/or statutory duties and obligations as a common carrier and bailee of the Second Cargo; breached the contract of carriage; was negligence and careless in the handling of the Second Cargo; and was otherwise at fault for the loss and damage alleged herein.

18. Globalex has performed all duties, obligations, and conditions precedent to be performed on its part with respect to the Second Cargo and the commencement of

suit for the loss and damage thereto, including the submission of a timely notice of claim to MSC.

19. By reason of the premises, Globalex has sustained damages with respect to the Second Cargo, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $13,763.93.

    WHEREFORE, Plaintiff Globalex prays:

(i)     that process in due form of law may issue against MSC according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

(ii)     that judgment be entered against MSC on Globalex's First Claim for Relief in the amount of $40,895.30, together with costs, interest, and reasonable attorney's fees;

(iii)     that judgment be entered against MSC on Globalex's Second Claim for Relief in the amount of $13,763.93, together with costs, interest, and reasonable attorney's fees; and

(iv)     for such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  New York, New York
        December 31, 2020

          HILL RIVKINS LLP, *Attorneys for*
          Plaintiff Globalex, Inc.

By: /s/ Justin M. Heilig

Justin M. Heilig
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Email: jheilig@hillrivkins.com